BEER, Judge.
Representing the Teachers’ Retirement System of Louisiana (hereafter, “the System”), the Attorney General filed this con-cursus proceeding naming Lillian Essex Moran, Clay Smith Essex and the estate of Harold A. Essex and its Administrator, Robert W. Essex, III, as defendants. Mrs. Moran and Clay Essex had claimed to be the lawful recipients of the retirement fund of Harold A. Essex (hereafter, “decedent”) on deposit with the System (i.e. $8,969.46) and now, as a result of the concursus, deposited in the Registry of the Civil District Court. Robert W. Essex, III responded to the concursus seeking judgment in favor of the estate which would result in a distribution of the funds to certain alleged legal heirs of the decedent. Mrs. Moran and Clay Essex reaverred those contentions which had precipitated the need for the concursus.
The trial court decreed “ . that the funds on deposit in the Registry of the Court be delivered to Robert W. Essex, III as administrator of the Succession of Harold A. Essex . ..” Lillian Essex Moran and Clay Smith Essex suspensively appealed. Robert W. Essex, III did not appeal nor has he filed an Answer to Appeal.[1]
The facts are not in dispute: On October 11, 1954, the decedent became a member of the New Orleans Teachers’ Retirement Fund and, concurrently, designated his mother, Evelyn West Essex, as beneficiary to receive his accumulated contributions in the retirement system in the event of his death.[2] However, on September 16, 1956, Evelyn West Essex died.
On December 29,1965, decedent executed a form which appears to us to have been either prepared by (or, at least, in accordance with regulations of) the New Orleans Teachers’ Retirement Fund, naming Lillian Essex Moran and Clay Smith Essex as co-beneficiaries. That form, which is in evidence, bears the signature of the decedent and two witnesses and is properly acknowl *1171 edged before and signed and sealed by a notary public. There is no contention that the document does not bear the signatures of those who are purported to have signed it. The authenticity of the document is not in dispute, nor is there, on the other hand, any dispute about the fact that the document, however regular it is, was never filed with the retirement system by the decedent who remained, until his death, a member thereof.
Lillian Essex Moran testified that she discovered the authenticated document after the death of Harold Essex and that she subsequently filed it with the retirement system. Prior to her discovery of the document, she had no knowledge of its existence, nor was she aware of any indication that her brother intended to designate her as a beneficiary.
The sole issue before us is whether or not the properly executed change-of-beneficiary document, which had not been filed by decedent with the Board of Trustees for the Orleans Parish Teachers’ Retirement System prior to his death, now obliges the System to deliver the retirement fund of the decedent to the so named beneficiaries.
The purported change-of-beneficiary form was executed on December 29, 1965, and, accordingly, we look to the statutory law regulating the Orleans Parish Teachers’ Retirement System (LSA-R.S. 17:771 et seq., now repealed by Acts 1975, 1st Ex. Sess., No. 3, Sec. 3, eff. June 1, 1975)[3] and, specifically, Sec. 857, which provides:
“Upon receipt by the Board of proper proof of the death of a participant in active service, his accumulated contributions shall be paid to the legal representative of his estate, or to any person he shall have designated in writing and have duly executed and filed with the Board of Trustees. . . . ” (Emphasis ours.)
In his orally assigned reasons for judgment, the trial judge refers to Sec. 857 and concludes:
“But the Court interprets the will of the Legislature to require that the employee designate a beneficiary in writing and file that designation with the Board. The Court would read the Statute to require that as an essential step to designating a person beneficiary that it be filed by the employee and not by the beneficiaries after his death. The Court would also feel with somewhat less conviction that in context the word duly executed and filed, the word duly connotes timely as well as in proper form and for a man to designate beneficiaries to retain that designation with his papers and not file it with the Board for some 7 or 8 years does not satisfy the statutory requirement of a proper designation. So the Court would declare the funds available to the estate . . . .” (Emphasis ours.)
We agree with the trial court’s determination that the written designation had to be both “executed” and “filed” by the decedent. Had he, at any time prior to the death, filed the document which is in evidence, we are of the view that the requirements covering the change of beneficiary would, then and there, have been met. But, upon decedent’s death, his ability to fulfill the requirements of execution and filing no longer existed and the applicable provisions could no longer be met, and, since the only designated beneficiary had predeceased the decedent, it became necessary to resort to those provisions which cover situations where the decedent has not named a beneficiary. Accordingly, we affirm at appellants’ cost.

AFFIRMED.

. Robert Essex, III seeks, by brief, a distribution of the funds on deposit to certain persons alleged to be legal heirs. We are, however, without jurisdiction to entertain his prayer since he has not appealed nor answered the appeal from the judgment which did not address his claim for a distribution. LSA-C.C.P. Art. 2133 (as amended). Moreover, even if we were to entertain his prayer ex proprio motu (LSA-C.C.P. Art. 2164), there is insufficient evidence for us to adjudicate that issue.

. The Teachers’ Retirement System of Louisiana was created by Acts 1936, No. 83, Sec. 2 (LSA-R.S. 17:572). The legislature, by Act 3 of 1971, provided for the merger and consolidation of the Orleans Parish Teachers’ Retirement System with the Teachers’ Retirement System of Louisiana, effective July 1, 1971, converting Orleans System members into State System members, entitling them to the benefits as provided for under the State System. See Groves v. Board of Trustees of Teachers’ Retirement System, 324 So.2d 587 (La.App. 1st Cir., 1975) writs ref. La., 326 So.2d 378, 380.

. Thus, the only statutory provisions which are material to this matter are LSA-R.S. 17:771 et seq.